NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J. D. P.,                                    )
                                             )
            Appellant,                       )
                                             )
v.                                           )        Case No.  2D16-4072
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
                                             )
_____ )

Opinion filed March 20, 2019.

Appeal from the Circuit Court for Lee
County; Amy R. Hawthorne, Judge.

Howard L. Dimmig, II, Public Defender,
and Karen M. Kinney, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


CASE, JAMES R., Associate Senior Judge.

              J.D.P. appeals the disposition order adjudicating him delinquent and

committing him to the Department of Juvenile Justice.  On appeal, J.D.P. argues that

the juvenile court erred in departing from the DJJ's recommended disposition without

making adequate findings on the record.  We agree and reverse.

The DJJ initially completed a predisposition report (PDR) recommending that the court withhold adjudication and sentence J.D.P. to probation. At his June 14, 2016, hearing, the juvenile court considered the DJJ's PDR but did not adjudicate J.D.P. or determine an appropriate disposition. Instead it ordered the DJJ to come up with a commitment level after hearing testimony from the victims' family. Based on this testimony, the court concluded that "I don't think the Department has adequately considered everything in this case so I'm ordering a staffing."

The DJJ conducted another review of J.D.P.'s case consistent with the factors provided in section 985.433(6), Florida Statutes (2016). It issued an amended PDR and attached a memo, again recommending probation. However, in light of the court's request, the DJJ also recommended in the alternative that a nonsecure commitment level be imposed as a suspended sentence if J.D.P. failed to comply with the treatment requirements of his probation. At his August 11, 2016, hearing, a successor judge considered whether adjudication should be withheld and J.D.P. should be sentenced to probation consistent with the DJJ's recommendations but concluded that in light of the prior judge's ruling on the record, she lacked the discretion to do anything but adjudicate J.D.P. delinquent and commit him to the custody of the DJJ. This was error.

We review the trial court's order adjudicating and committing a juvenile to the custody of the DJJ for an abuse of discretion. E.A.R. v. State, 4 So. 3d 614, 637 (Fla. 2009). "The disposition statute requires a two-step process. In the first step, the court must decide whether to adjudicate and commit the child to the custody of DJJ or instead to withhold adjudication and place the child on probation." D.G. v. State, 170 So. 3d 1, 3 (Fla. 2d DCA 2015) (citing § 985.433(6)). "If the court determines that it

should adjudicate the child and commit him or her to the custody of the DJJ, it is required to state this determination on the record or in writing." E.A.R., 4 So. 3d at 624. Neither judge in this case determined on the record that J.D.P. should be adjudicated and committed, nor did they make "a specific finding of the reasons for the decision to adjudicate and to commit the child to the department." Id. (quoting § 985.433(7)). Accordingly, we must reverse.

Furthermore, the juvenile court erred when it sentenced J.D.P. to a commitment level inconsistent with the recommendations of the DJJ without making adequate factual findings justifying the departure. Only when the court determines that the child should be adjudicated and committed, should it then proceed to the second step of the disposition process and determine the appropriate restrictiveness level of commitment. D.G., 170 So. 3d at 3. The Florida Supreme Court has explained that when departing from the DJJ's recommended disposition, the juvenile court must state

> "reasons[]" [that] must provide a legally sufficient foundation for "disregarding" the DJJ's professional assessment and PDR by identifying significant information that the DJJ has overlooked, failed to sufficiently consider, or misconstrued with regard to the child's programmatic, rehabilitative needs along with the risks that the unrehabilitated child poses to the public.

E.A.R., 4 So. 3d at 638.

At the initial disposition hearing in the instant case, the juvenile court requested a commitment recommendation from the DJJ based on its determination that the DJJ had not considered the duration of the charged offense or the victims' statements. However, the DJJ's representative stated that these factors were considered at the initial staffing. Defense counsel also clarified that information regarding the charged offenses was included in the packet provided to the DJJ prior to

the staffing.  Furthermore, in preparing the amended PDR that was presented to the successor judge, the DJJ expressly considered all of these factors and maintained its recommendation of supervision or, in the alternative, a suspended sentence to a nonsecure commitment facility.  None of the factors identified by either judge in this case were sufficient to support a deviation from the recommended disposition of the DJJ.  See R.A. v. State, 117 So. 3d 1181, 1183 (Fla. 2d DCA 2013) ("The supreme court specifically held that the juvenile court's mere regurgitation or parroting of information in the DJJ's comprehensive assessment and PDR is insufficient to establish acceptable reasons why the court is disregarding those documents and the DJJ's recommended disposition." (citing E.A.R., 4 So. 3d at 638)).

Because the trial court abused its discretion in adjudicating J.D.P. without making the statutorily required findings and in deviating from the recommended disposition of the DJJ without sufficient explanation and based on factors already considered by the DJJ, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded with instructions.

KELLY and SALARIO, JJ., Concur.